IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MARK GENNUSA, *on behalf of himself and those similarly situated,*<br><br>      **Plaintiff,**<br><br>v.<br><br>AIH RECEIVABLES, INC.,<br><br>      **Defendant.** | Case:  4:22-cv-853<br><br>JURY TRIAL DEMANDED |

## CLASS ACTION COMPLAINT

1. This is a class action under the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

2. Defendant violated the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* by making materially false statements in connection with an attempt to collect a debt.

3. The Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* was enacted to protect consumers from false, misleading or deceptive acts, practices and representations made in connection with attempts to collect alleged debts.

### Jurisdiction and Venue

4. This Court has subject matter jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

5. Venue is proper in this Court under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1391(b) as the acts giving rise to this action occurred in this district, and as Mr. Mark Gennusa ("Plaintiff") resides in this district.

**Parties**

6. Plaintiff is a natural person and a citizen of the State of Missouri.

7. Plaintiff is a consumer as defined by 15 U.S.C. § 1692a(3).

8. Defendant, AIH Receivables, Inc. ("Defendant"), is a Kansas statutory entity with its principal place of business in Mission, Kansas.

9. Defendant uses the instrumentalities of interstate commerce and/or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

10. Defendant is a Debt Collector as defined in 15 U.S.C. § 1692a(6).

11. The alleged debt(s) at issue were allegedly incurred primarily and/or exclusively for personal, family, or household purposes.

12. The debt(s) at issue are "Debt(s)" as defined in 15 U.S.C. § 1692a(5).

**Factual Allegations**

13. On or about June 2, 2022, Defendant caused an action to be filed against Plaintiff in the Associate Circuit Court of Clay County, Missouri, 22CY-CV04651 *University of Kansas Hospital v. Tiffany S. Gennusa, et al.* (case later certified to the Circuit Court of Clay County, Missouri and still pending at the time of filing as 22CY-CV04651-01)(Gennusa I).

2

14. Defendant caused a petition in Gennusa I to be filed against Plaintiff pursuant to an agreement with the University of Kansas Hospital Authority ("KU").

15. Defendant was attempting to collect money from Plaintiff on behalf of KU.

16. Defendant used the petition in Gennusa I in an attempt to collect an alleged debt from Plaintiff.

17. The petition in Gennusa I claimed that Plaintiff was indebted to the "University of Kansas Hospital" for "goods, wares and merchandise sold and delivered and/or services provided, at all defendants' special insistence and request, the dates and items of which, together with prices charges[sic], appear on the itemized statement of account hereto annexed and marked 'Exhibit A.'"(Petition in Gennusa I, a true and accurate copy of the petition is attached hereto as Exhibit 1).

18. The exhibit attached to the petition in Gennusa I included *only* an affidavit and did not include any records, identify any dates or prices, nor include a statement of account. (A true and accurate copy of the affidavit is attached as Exhibit 2).

19. The affidavit claimed that the University of KS Health System had a record of an account for Plaintiff, that records of that account were true and correct, that the records were made at or near the time of the events, that the records (impliedly attached to the affidavit) were exact duplicates of the originals, that services had been rendered, that supplies and items have been provided, that Plaintiff had requested these services and items, that the prices charged were reasonable, that a demand for payment had been made and that Plaintiff had refused to make payment.

3

20. The affidavit stated that Plaintiff was indebted to The University of KS Health System "in the principle sum of $1,788.53."

21. The statements in the affidavit described above were false, especially as they relate to Plaintiff.

22. Defendant had no business records from any person that supported the claims made in the affidavit filed in Gennusa I.

23. Defendant knew and/or reasonably should have known that the statements in the affidavit filed in Gennusa I were false.

24. The Petition further stated "The prices are fair and reasonable and are the prices which defendant(s) promised and agreed to pay."

25. The prices Americans pay for healthcare are arbitrary, determined behind closed doors in negotiations between facilities, providers and insurance companies.

26. Plaintiff was not part of negotiations for the prices he or anyone else would be charged by the University of KS Health System.

27. Because Defendant's affidavits, filings and documents served on Plaintiff failed to include itemized statements, the information about the alleged date(s) of service or any other material facts, Plaintiff did not even know what specific information he was contesting was inaccurate or false.

28. Plaintiff does not have the personal knowledge necessary to rebut or contest a hospital's allegation that a specific amount is "fair and reasonable" and therefore owed.

29. Contesting the debt collection demands and litigation initiated by the Defendant puts Plaintiff at significant risk because Defendant has many "self-help" tools

such as reporting the debt to Credit Reporting Agencies and repeatedly contacting Plaintiff to demand payment, even if no debt is owed.

30. Contesting the debt collection demands and litigation initiated by the Defendant puts Plaintiff at significant risk of damage to his reputation, including damage to his reputation for creditworthiness, employability and general character and fitness.

31. The cost and stress of individual litigation exceeds the value of the amount sought by the University of KS Health System.

32. Defendant relied on and leveraged the pressure of the possible consequences alleged above to demand Plaintiff pay monies.

33. Plaintiff has no self-help solutions to rebut or rebuff the pressures and tactics of the Defendant.

34. Plaintiff had to find and retain counsel, accept the risk of litigation and endure the stress of litigation in order to resist the demands of the Defendant.

35. The disparity in power, self-help options and risk to the parties render all of Defendant's debt collection activities unfair and unconscionable.

36. On information and belief, Defendant has no policies or procedures in place to reassess whether Defendant is attempting to collect a legitimate debt or if, in fact, the debt is not legitimately owed by Plaintiff.

37. On information and belief, Defendant instead has policies designed to be barely compliant with the requirements of state and/or federal law.

5

38. Thus, Defendant will only institute policies and procedures designed to ensure that a debt is legitimately owed if a court finds that the FDCPA requires such policies must be adopted and maintained.

## COUNT I: VIOLATION OF FDCPA, 15 U.S.C. § 1692e

39. Plaintiff repeats and re-alleges each factual allegation above as though set forth in full hereunder.

40. This claim is for Defendant's violation of the FDCPA's prohibition against using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

41. The FDCPA provides that it is a violation to use a false representation of "the character, amount, or legal status of any debt" in connection with the collection of any debt. 15 U.S.C. § 1692e(2)(A).

42. A debt collection communication is false, deceptive or misleading in violation of the FDCPA if it could mislead an "unsophisticated consumer." *Peters v. Gen. Serv. Bureau, Inc.,* 277 F.3d 1051, 1055 (8th Cir. 2002)).

43. Statements made to courts in attempts to collect a debt, including affidavits filed with a court, can violate the FDCPA and render the debt collector liable to a harmed consumer. *Smith v. Stewart, Zlimen & Jungers, Ltd.*, 990 F.3d 640, 644 (8th Cir. 2021).

44. The representations made in the affidavit filed in Gennusa I would mislead an unsophisticated consumer.

6

45. The representations in the petition and affidavit filed in Gennusa I contained multiple false statements regarding "the character, amount, or legal status of [a] debt."

46. The petition and affidavit filed in Gennusa I falsely represented that business records were attached and incorporated by reference.

47. Defendant used the false representations made in the petition and attached affidavit filed in Gennusa I to attempt to collect an alleged debt from Plaintiff.

48. In using false representations to attempt to collect an alleged debt from Plaintiff, Defendant violated 15 U.S.C. § 1692e.

49. As a direct and proximate result of Defendants' use of false representations in an attempt to collect an alleged debt, Plaintiff was deprived of his right to be free from abusive, deceptive, and unfair debt collection practices.

50. The conduct of Defendant was the direct and proximate cause, as well as a substantial factor, in bringing about the actual damages and harm to the Plaintiff and the putative class, including *inter alia,* abusive, deceptive, and unfair debt collection practices as outlined more fully above. As a result, Defendant is liable to Plaintiff for the full amount of statutory or actual damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**WHEREFORE,** Plaintiff seeks judgment and damages in favor of Plaintiff and the putative class against Defendant based on the following requested relief:

a. Actual damages pursuant to 15 U.S.C. § 1692k(a); and

b. Statutory damages in the amount of $1,000.00 for Plaintiff and each class member pursuant to 15 U.S.C. § 1692k(a)(2)(A); and

c. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and

d. Such other and further relief as may be necessary, just and proper.

## **CLASS ACTION ALLEGATIONS**

51. Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action for himself and on behalf of the following class and subclasses (collectively the "Class") initially defined as follows:

a. All natural persons in the United States who (1) received notice of a lawsuit filed against them or notice of a judgment entered against them (2) within the one year period preceding the date of this class action complaint, where (3) Defendant caused that lawsuit to be filed pursuant to an agreement with the University of Kansas Hospital Authority, and (4) the lawsuit filed against the class member incorporates an unsupported affidavit substantially similar to the affidavit filed in Gennusa I.

52. Numerosity. Fed. R. Civ. P. 23 (a)(1). The Class members are so numerous that joinder of all is impractical. The names and addresses of the Class members are identifiable through documents maintained by the Defendant, and the Class members may be notified of the pendency of this action by published and/or mailed notice. Numerosity can be inferred as the number of cases filed is a matter of public record and the acts complained of herein are part of Defendant's routine business practices.

53. Existence and Predominance of Common Questions of Law and Fact. Fed. R. Civ. P. 23(a)(2). Common question of law and fact exist as to all members of the Class. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things and without limitation:

   a. Whether Defendant caused a lawsuit to be filed against the individual member of the putative class;

   b. Whether Defendant used the same or substantially similar false statements as those made in Gennusa I when causing a lawsuit to be filed against each member of the putative class;

   c. Whether Defendant caused a lawsuit to be filed without attaching the records Defendant claimed attach and incorporate by reference; and

   d. Whether Defendant's conduct constituted a violation of the FDCPA.

54. Typicality. FED. R. CIV. P. 23(a)(3). Plaintiff's claims are typical of the claims of each Class member. Plaintiff is entitled to relief under the same causes of action as the other members of the Class.

55. Adequacy. Plaintiff is an adequate representative of the Class because his interests coincide with, and are not antagonistic to, the interests of the members of the Class he seeks to represent, he has retained counsel competent and experienced in such litigation, and he intends to prosecute this action vigorously. Fed. R. Civ. P. 23(a)(4). Plaintiff and his Counsel will fairly and adequately protect the interests of members of the Class.

56. Superiority. Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b)(3). The damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendants' conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendants' conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, on behalf of himself and all others similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

a. Determining that this action is a proper class action;

b. Certifying Plaintiff as a Class representative;

c. Certifying Plaintiff's counsel as Class counsel;

d. Finding that Defendant violated the FDCPA;

e. Awarding Plaintiff, and the members of the Class actual damages sustained as a

result of Defendant's failure to comply with the FDCPA;

f. Awarding Plaintif, and the members of the Class statutory damages for violations of the FDCPA;

g. Awarding Plaintiff, and the members of the Class, reasonable attorneys' fees incurred in this action, and costs;

h. Awarding Plaintiff, and the members of the Class, any pre-judgment and post-judgment interest as may be allowed under law;

i. Awarding such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff, on behalf of himself and the Class, demands a trial by jury on all claims.

Dated: December 30, 2022

Respectfully submitted,

THE WILLISTON LAW FIRM, LLC

/s/ *Keith Williston*

Keith Williston Mo Bar #69433
201 SE Williamsburg Dr
Blue Springs, Missouri 64014
Tel. (913) 207-5450
Fax (816) 892-4212
Keith@WillistonLawFirm.com
**ATTORNEY FOR PLAINTIFF**

/s/ *Michael M. Wilson*

Michael M. Wilson Mo Bar #68827
264 Springside Road
Longwood, FL 32779
Tel. (407) 986-0776
mwilson@wilson-lawfirm.com
**ATTORNEY FOR PLAINTIFF**

11